**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10181 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08119-FJM |
| v. | |
| ADRIENNE LEE SHIPP, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Adrienne Lee Shipp appeals from the district court's judgment and

challenges the 108-month sentence imposed following her jury-trial conviction for

involuntary manslaughter, in violation of 18 U.S.C. §§ 1112(a) and 1153; and

assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1153. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shipp contends that the district court procedurally erred by failing (1) adequately to address her arguments regarding sentencing disparities; (2) to explain the basis for its disagreement with the manner in which the Guidelines account for multiple victims or why consecutive sentences were necessary; and (3) to tie her sentence to a correctly calculated Guidelines range or sufficiently explain the degree of the upward variance. We find no error. The court entertained Shipp's arguments regarding sentencing disparities and distinguished Shipp's case from the cases Shipp cited at sentencing. Moreover, the court explained why it believed that the Guidelines did not adequately account for multiple victims and why consecutive sentences were necessary. Finally, the court correctly calculated the advisory Guidelines range for each count and sufficiently explained its decision to vary upward.

Shipp also contends that her sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Shipp's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, including the need to provide punishment, protect the public, and reflect the seriousness of the offense, the above-Guidelines sentence is substantively reasonable. *See id*.

**AFFIRMED.**

12-10181